# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

JAMES IRELAND,

    Plaintiff,

vs.

CAROLYN. W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

Case No. 2:15–cv–1284–KJD–VCF

**REPORT & RECOMMENDAITON**

    This matter involves Claimant James Ireland's appeal from Defendant Carolyn W. Colvin's final decision denying Ireland social security benefits. (Doc. #3). Before the court is Ireland's Motion for Remand and/or Reversal, (Doc. #15) the Commissioner's response and cross-motion to affirm, (Doc. #16) and Ireland's reply. (Doc. #18). For the reasons stated below, the court recommends that Ireland's motion be denied and the Commissioner's cross motion be granted.

## I. STANARD OF REVIEW

    The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

    The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is

supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## II. DISCUSSION

Ireland's appeal presents one question: whether the administrative law judge's (the "ALJ") determination that Ireland could perform past relevant work as a landscape supervisor is supported by substantial evidence.

**1.      THE ALJ'S DETERMINATION THAT IRELAND COULD PERFORM HIS PAST RELEVANT WORK IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Ireland contends that the ALJ classified landscape supervisor "according to the least demanding function of the claimant's past occupations … contrary to the letter and spirit of the Social Security Act." (Doc. #15 at 7-8) (citing *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985)). Ireland alleges that the ALJ erred when the ALJ conflated Ireland's past work as a landscape supervisor and irrigation system installer. *Id*. The Commissioner argues that the ALJ was correct because Ireland could

perform work as a landscape supervisor as the position is defined by the Dictionary of Occupational Titles (the "DOT"). (Doc. #16 at 4).

To qualify for benefits under the Social Security Act, the claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "ALJs apply a five-step evaluation process to determine whether a claimant qualifies as disabled." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Between the third and fourth steps, the ALJ determines the claimant's residual functional capacity. 20 CFR 416.920(e). At the fourth step, the ALJ determines whether the claimant, given his residual functional capacity, can perform past work. 20 CFR 416.920(f).

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy'" *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citing *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)). "Every occupation consists of a myriad of tasks, each involving different degrees of physical exertion. To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act." *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985) (findings that the ALJ erred when the ALJ classified agricultural laborer as light work because one of the tasks performed by an agricultural worker, sorting tomatoes, was light work).

The parties agree that Ireland's residual functional capacity limits him to light work. (Doc. #15 at 8); (Doc. #16 at 4). Ireland testified that he performed his past work as a landscape supervisor at a heavy exertion level. AR 42. The DOT categorizes "landscape supervisor" as light work. SUPERVISOR, LANDSCAPE, DICOT 406.134-014. The vocational expert testified that Ireland could perform work as a

3

landscape supervisor as defined by the DOT and could perform past relevant work. AR 46-47. Ireland failed to meet his burden to show that he could not perform past relevant work. The ALJ's conclusion that Ireland could perform past relevant work and was not disabled is supported by substantial evidence.

Ireland's argument that the ALJ conflated his past work as a landscape supervisor and an irrigation system installer and then improperly classified landscape supervisor based on the least demanding function is misplaced. The ALJ, contrary to Ireland's contention, based her classification of landscape supervisor as light work on the DOT definition of the position, not on the least demanding function of the landscape supervisor position as Ireland actually performed it. The vocational expert identified irrigation system installer and landscape supervisor as two separate occupations. AR 42. The vocational expert then testified that Ireland could not perform the duties of a landscape supervisor as Ireland had actually performed his duties in the past, but Ireland could perform the duties of a landscape supervisor as defined by the DOT. AR 46-47.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Ireland's Motion to Remand and/or Reversal be DENIED

IT IS FURTHER RECOMMENDED that the Commissioner's Cross Motion to Affirmed be GRANTED

IT IS SO RECOMMENDED.

DATED this 5th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE